# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| BRANDON BODDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02190 |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE; | ) | |
| OFFICER D. KINSLER, in his | ) | |
| official and individual | ) | |
| capacity; and OFFICER W. | ) | |
| CARTER, in his official and | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Defendant City of Memphis, Tennessee's (the "City") combined Motion to Stay and Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings. (ECF No. 34.) Plaintiff Brandon Boddy responded on February 24, 2020. (ECF No. 35.) Defendant Officers D. Kinsler and W. Carter (the "Officers") have not filed any memoranda or motions with the Court addressing the City's Motion or Boddy's response.[1]

---

[1] The City represents that it has communicated with the Officers' counsel and that the Officers do not oppose the City's Motion to Stay. (ECF No. 34 at 4 n.2.)

For the following reasons, the City's Motion to Stay is GRANTED. The City's Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings is DENIED.

## I. Background

On March 25, 2019, Boddy filed this action against the City and the Officers alleging violations of state law and 42 U.S.C. § 1983 for false arrest, First Amendment retaliation, excessive force, failure to intervene, and failure to train. (ECF No. 1.) On October 28, 2019, the City filed a Motion for Judgment on the Pleadings. (ECF No. 32.) On February 5, 2020, Boddy filed a response to the City's Motion for Judgment on the Pleadings. (ECF No. 33.)

On February 11, 2020, the City filed its Motion to Stay and Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings. (ECF No. 34.) On February 24, 2020, Boddy responded to the City's Motion to Stay and Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings. (ECF No. 35.)

## II. Standard of Review

### A. Motion to Stay

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." Sentell v. Tennessee, 2013 WL 3297124, at *1 (E.D. Tenn. June 28, 2013) (citing Chrysler Corp. v. Fedders Corp., 643 F.2d 1229 (6th Cir.

1981)). Trial courts have both broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. Bangas v. Potter, 145 F. App'x 139, 141 (6th Cir. 2005) (citing Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999)). "In ruling upon a motion to stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." Sentell, 2013 WL 3297124, at *1 (citing Osman v. Mission Essential Personnel, LLC, 2012 WL 1831706, at *1 (S.D. Ohio 2012) (citing Marrese v. Amer. Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983))).

**B. Motion to Strike**

Granting or denying a motion to strike is within the sound discretion of the trial court. Seay v. Tenn. Valley Auth., 339 F.3d 454, 480 (6th Cir. 2003). The Federal Rules of Civil Procedure do not contemplate motions to strike documents other than pleadings. Fox v. Mich. State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006); Fed. R. Civ. P. 12(f) (providing that "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). However, "trial courts [may] make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents [other than pleadings]." Zep

3

Inc. v. Midwest Motor Supply Co., 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (citing Anthony v. BTR Auto Sealing Sys., 339 F.3d 506, 516 (6th Cir. 2003)).

"District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules." Pearce v. Chrysler Grp., L.L.C. Pension Plan, 615 F. App'x 342, 349-50 (6th Cir. 2015) (citing S.S. v. E. Ky. Univ., 532 F.3d 445, 451 (6th Cir. 2008)). "The district court does not have to accept every filing submitted by a party." Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC, 463 F.3d 478, 488 (6th Cir. 2006). A court acts within its discretion when it strikes a filing for, inter alia, untimeliness or a failure to comply with the local rules. See Ordos City Hawtai Autobody Co. v. Dimond Rigging Co., 695 F. App'x 864, 870-72 (6th Cir. 2017) (affirming trial court's striking of response brief because of failure to comply with local rules); Ross, 463 F.3d at 488-89 (affirming trial court's striking of reply brief because party failed to request the necessary leave to file); Jones v. Northcoast Behavioral Healthcare Sys., 84 F. App'x 597, 598-99 (6th Cir. 2003) (affirming trial court's striking of untimely memoranda of law).

**III. Analysis**

    **A. Motion to Stay**

The City moves to stay discovery and compliance with the deadlines set forth in the Court's Scheduling Order, ECF No. 27, pending the Court's resolution of the City's Motion for Judgment on the Pleadings. (ECF No. 34 at 1.) The Officers do not oppose the City's Motion to Stay. (ECF No. 34 at 4 n.2.) In his response to the City's Motion to Stay and Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings, Boddy does not address the City's request to stay the case. His arguments were directed only at the motion to strike portion of the City's Motion to Stay and Motion to Strike Plaintiff's Response.[2] (See ECF No. 35.) The Court finds that the burden on the City of continuing discovery and proceeding with the Scheduling Order's deadlines outweighs any hardship to Boddy from a stay of the case. See Sentell, 2013 WL 3297124, at *1. The Court GRANTS the City's Motion to Stay.

    **B. Motion to Strike**

The City moves to strike Boddy's response to its Motion for Judgment on the Pleadings. (ECF No. 34.) The City filed its Motion for Judgment on the Pleadings on October 28, 2019. (ECF

---

[2] The City represents that it sought to contact Boddy's counsel about his position on the Motion to Stay, but Boddy's counsel did not respond. (ECF No. 34 ¶ 18.)

5

No. 32.) Under the Local Rules of the United States District Court for the Western District of Tennessee (the "Local Rules"), Boddy had 28 days to respond. LR 12.1(b). Boddy filed his response 72 days late, on February 5, 2020. (ECF No. 33.)

When a filing deadline has passed, a court "may, for good cause, extend the time," but only "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Boddy filed no motion to extend the time.

In his response to the City's Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings ("Motion to Strike"), Boddy does not explain his delay, but argues that the Court does not have the authority to strike his response because his response to the City's Motion for Judgment on the Pleadings is not "material that is contained in the pleadings;" the City's Motion to Strike was filed after Boddy filed a response to the City's Motion for Judgement on the Pleadings; and the City did not suffer prejudice from the delayed filing. (ECF No. 35 at 1-2 (citing Fed. R. Civ. P. 12(f) and Johnson v. Cty. of Macomb, 2008 WL 2064968 at *1 (E.D. Mich. May 13, 2008)).)

As discussed supra, the Court has the authority not to consider untimely filed responses. See Ordos City Hawtai Autobody Co., 695 F. App'x at 870-72; Jones, 84 F. App'x at 598-

99. Under these circumstances, the Court will not exercise that authority. The City has not been prejudiced by Boddy's delay. Boddy's late filing has not delayed a decision on the City's Motion for Judgment on the Pleadings. The City's Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings is DENIED.

**IV. Conclusion**

For the foregoing reasons, the City's Motion to Stay is GRANTED. Discovery and the Scheduling Order's deadlines are STAYED pending the Court's resolution of the City's Motion for Judgment on the Pleadings. The City's Motion to Strike Plaintiff's Response to the City's Motion for Judgment on the Pleadings is DENIED.

So ordered this 3rd day of March, 2020.

/s/ *Samuel H. Mays, Jr*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE