IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON BODDY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02190 |
| | ) | |
| CITY OF MEMPHIS, TENNESSEE; OFFICER D. KINSLER, in his official and individual capacity; and OFFICER W. CARTER, in his official and individual capacity, | ) ) ) ) ) ) | |
| | ) | |
|     Defendants. | ) ) ) | |

**ORDER GRANTING MOTION TO DISMISS AND DISMISSING ALL CLAIMS AGAINST KINSLER AND CARTER WITH PREJUDICE**

This is a 42 U.S.C. § 1983 action. Defendant City of Memphis, Tennessee ("the City") filed a Motion to Dismiss on March 9, 2022. (ECF No. 58.) The Motion asks the Court to dismiss official-capacity claims against Defendant Officer D. Kinsler ("Kinsler") and Defendant Officer W. Carter ("Carter"). Plaintiff Brandon Boddy ("Boddy") filed a Response on March 23, 2022. (ECF No. 59.) The Motion to Dismiss is GRANTED. Boddy's claims against Kinsler and Carter are DISMISSED WITH PREJUDICE.

**I.   Background**

Kinsler and Carter, officers in the Memphis Police Department, arrested Boddy at his residence on September 10,

2018. (ECF No. 1 at ¶¶ 9, 59.) Boddy's wrist was broken during the arrest. (ECF No. 1 at ¶ 59.) Boddy sued the City, Kinsler, and Carter. (ECF No. 1.) The Complaint names Kinsler and Carter in their official and individual capacities. (ECF No. 1.)

The City filed a Motion for Judgment on the Pleadings. (ECF No. 32.) The Court found that Boddy had failed to adequately plead that a City policy or custom caused his injury. (ECF No. 38, PAGEID 209, 214.) The Court granted the City's Motion and dismissed all claims against the City. (ECF No. 38, PAGEID 219.)

Boddy appealed the Court's Order. (ECF No. 39.) The Sixth Circuit found that the Court's Order was not a final decision "that ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment." (ECF No. 43, PAGEID 229.) It dismissed Boddy's appeal for lack of jurisdiction. (ECF No. 43.)

Boddy then filed a Notice of Voluntary Dismissal as to Kinsler and Carter with the Court. (ECF No. 44.) The Court dismissed Kinsler and Carter without prejudice. (D.E. 45.) Boddy filed a second appeal. (ECF No. 46.) The Sixth Circuit held that the Court's dismissal of Kinsler and Carter was not a final decision. (ECF No. 48) (citing Rowland v. S. Health Partners, Inc., 4 F.4th 422 (6th Cir. 2021)). It dismissed Boddy's second appeal for lack of jurisdiction. (ECF No. 48.)

The Court ordered Boddy to show cause "why the Court should not dismiss all claims against Kinsler and Carter with prejudice and enter final judgment in this case." (ECF No. 49.) In response, Boddy filed a Motion to Reopen Matter as to Officer D. Kinsler and Officer W. Carter. (ECF No. 52.) The Motion asked the Court to reopen against Kinsler and Carter "in their official capacities only." (ECF No. 52, PAGEID 248.) The Court granted the Motion and reopened as to Kinsler and Carter in their official capacities only. (ECF. No. 55.) The City now moves to dismiss Boddy's official-capacity claims against Kinsler and Carter. (ECF No. 58.)

## II. Jurisdiction

The Court has subject matter jurisdiction over claims brought under 42 U.S.C. § 1983 pursuant to the general grant of federal question jurisdiction in 28 U.S.C. § 1331.

## III. Analysis

The City argues that, when the Court dismissed all claims against the City, it effectively dismissed official-capacity claims against Kinsler and Carter. (ECF No. 58.) Boddy agrees that, where a governmental official is an indirect participant in conduct giving rise to the action, an official-capacity suit is equivalent to a suit against the governmental entity. (ECF No. 59 at ¶ 12.) However, Boddy argues that Kinsler and Carter were direct participants in the conduct giving rise to the

3

action. (ECF No. 59 at ¶ 13.) Boddy argues that his official-capacity claims "are another cause of action against [the] Officers that is separate and apart from the claims against the City of Memphis." (ECF No. 59 at ¶ 15.)

"[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). "Official-capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 n.55 (1978); see also Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.") "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, 473 U.S. at 166. Sixth Circuit caselaw supports dismissal of official-capacity claims on dismissal of the represented governmental entity. See Vittetoe v. Blount Cnty., Tennessee, 861 F. App'x 843, 852 (6th Cir. 2021)(affirming district court's dismissal of official-capacity claims against county sheriff where the district court had dismissed claims against the county); Rothhaupt v. Maiden, 144 F. App'x 465, 471 (6th Cir. 2005)(affirming dismissal of

4

official-capacity claim because plaintiff had failed to establish claim against governmental entity).

The Court's dismissal of Boddy's claims against the City extinguished Boddy's official-capacity claims. Boddy's claims against the City and his official-capacity claims are equivalent. See Matthews, 35 F.3d at 1049. The Court dismissed Boddy's claims against the City because Boddy did not adequately plead that a City policy or custom caused his injury. (ECF No. 38, PAGEID 209, 214.) Boddy's official-capacity claims fail for the same reason. See Graham, 473 U.S. at 166. There is no support for the distinction Boddy draws between direct and indirect participation in underlying conduct in an official-capacity claim. The Motion to Dismiss is GRANTED. The official-capacity claims against Kinsler and Carter are DISMISSED WITH PREJUDICE.

Boddy has failed to show cause why the individual-capacity claims against Kinsler and Carter should not be dismissed with prejudice. He has not complied with the Court's Show Cause Order. (ECF No. 49.) The individual-capacity claims against Kinsler and Carter are DISMISSED WITH PREJUDICE.

So ordered this 24th day of March, 2022.

                                     */s/ Samuel H. Mays, Jr.*
                                     SAMUEL H. MAYS, JR.
                                     UNITED STATES DISTRICT JUDGE